UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **RODNEY GOODMAN, #218481,** | : |
| *Petitioner,* | : |
| v. | : Civil Action No. 2:12cv66 |
| **HAROLD W. CLARKE,** Director of Virginia Department of Corrections, | : |
| *Respondent.* | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, an inmate in the custody of the Virginia Department of Corrections, challenges the denial of his discretionary parole. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Presently pending is Respondent's Motion to Dismiss. Because Goodman has not plausibly alleged a claim which would entitle him to habeas relief, the undersigned recommends that Respondent's motion be GRANTED, and the petition be DISMISSED.

### I. STATEMENT OF THE CASE

Rodney Goodman ("Petitioner" or "Goodman") is currently an inmate in the custody of the Virginia Department of Corrections. (ECF No. 1 at 1). Goodman was convicted in the Circuit Court of Portsmouth and is serving 57 years and 6 months for cocaine possession, robbery, and malicious wounding. Id. Petitioner began his sentence on August 23, 1994, (ECF No. 1-1 at 7), and pursuant to Va. Code 53.1-165.1 is eligible to be considered for discretionary parole.

1

Goodman first became eligible for discretionary parole in 2003, and applied annually from 2003 through 2008; but was denied each year. (ECF No. 1-1 at 7-8). At the 2008 parole hearing, the Virginia Parole Board (VPB) denied parole based on the "serious nature and circumstances of his crime, his prior offense history indicated a disregard for the law, and the Board needed to see a longer period of development to warrant parole." Id. at 8.

In response to the 2008 denial of parole, Goodman filed a petition for writ of habeas corpus in the Circuit Court for the City of Portsmouth. (ECF No. 1-1 at 1). Goodman alleged that he was improperly denied release on parole. Id. Specifically, Petitioner argued he was not provided with any criteria that the VPB used in determining suitability for release on discretionary parole and that the VPB abused its discretion. Id. Accordingly, Goodman claimed violations of his rights under the Fifth, Eight, and Fourteenth Amendments to the United States Constitution.

In support of the motion to dismiss Goodman's state habeas petition, Virginia Parole Board member Rudolph C. McCollum, Jr. prepared an affidavit, the contents of which are central to Goodman's current federal habeas petition. (ECF No. 1-1 at 7). McCollum's affidavit stated that Goodman was serving a 57 ½ year sentence for cocaine possession, two counts of robbery, and two counts of malicious wounding, when in fact the offenses were cocaine possession, one count robbery, and one count malicious wounding. Compare (ECF No. 1-1 at 7) with (ECF No. 1-3).

After the Circuit Court of Portsmouth dismissed his petition, Goodman filed an appeal in the Supreme Court of Virginia. Goodman alleged that Parole Board member Rudolph C. McCollum, Jr. committed perjury when he executed the affidavit in response to the habeas petition and claimed that counsel for Respondent committed perjury by submitting and arguing

from the same affidavit. (ECF No. 9-1 at 3-6). On January 6, 2012, the Supreme Court of Virginia decided there was no reversible error, and the petition for appeal was refused. (ECF No. 9-1 at 26).

On February 2, 2012, Goodman, proceeding pro se, filed the present habeas petition pursuant to 28 U.S.C. § 2254. Petitioner asserts that he is "unlawfully detained, and denied his liberty by virtue of the Virginia Parole Boards repeated practices and policies in denying him parole." (ECF No. 1 at 16). He also complains of the McCollum affidavit and the false information it contained. Id. at 17-21. Goodman concludes that he is being denied due process of law and the right to be free from cruel and unusual punishment and thus challenges the VPB procedures denying him parole. Id. at 16.

Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support. (ECF Nos. 7, 8, 9). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as possible consequences of failing to oppose Respondent's filing. Goodman responded on March 14, 2012, and Respondent's Motion to dismiss is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254(a) challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider

alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the undersigned agrees that, for purposes of federal review, Goodman's claims have been exhausted. (ECF No. 9 at 2).

Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-413 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528, 123 S.Ct. 2527 (2003) (finding contradicted by documentary record demonstrated "partial reliance on an erroneous factual finding" rendering court's conclusion unreasonable).

Dismissal of Goodman's state habeas petition in the Circuit Court of Portsmouth was an adjudication on the merits.[1] As a result Goodman may not obtain habeas relief in this court

---

[1] The Circuit Court of Portsmouth's order dismissing the state habeas petition is the highest reasoned state court decision on Goodman's claims, and it is presumed that the Supreme Court of Virginia's refusal of Goodman's

4

unless the state court decision was contrary to or involved an unreasonable application of federal law, or if the decision was based on an unreasonable finding of facts. 28 U.S.C. §§ 2254(d)(1)-(2).

Goodman first alleges that he is being denied due process of law. (ECF No. 1 at 16). He points to the McCollum affidavit and argues he is being "unlawfully detained, and denied his liberty by virtue of the Virginia Parole Boards repeated practices and policies in denying him parole." Id. The Portsmouth Circuit Court evaluated this claim and determined that there was no violation of Goodman's due process rights. (ECF No. 15 at 4).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). As federalism has encouraged "state experimentation" with respect to parole decision making, id. at 13, federal courts have treaded lightly in cases dealing with state parole and deferred to state agencies applying state law. Vann v. Angelone, 73 F.3d 519, 521-23 (4th Cir. 1996). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created 'a legitimate claim of entitlement' to some aspect of parole." Id. at 522 (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)). This deference applies to both parole decisions and decisions regarding a prisoner's eligibility for parole. Id.

The discretionary parole scheme in Virginia creates no such claim of entitlement to release on parole. Burnette v. Fahey, No. 11-1324, 2012 WL 2695854, at *7 (4th Cir. July 9, 2012). The decision to parole a prisoner is "a discretionary one which is dependent on subjective

---

petition for appeal rests on the same grounds. See Roberts v. Johnson, 2:05cv331, 2006 WL 1881002, at *3 (E.D. Va. July 6, 2006) (citing Ylst v. Nennemaker, 501 U.S. 797, 803 (1991)) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground.").

evaluations and predictions of future behavior." Gaston, 946 F.2d at 344. However, the Virginia parole statutes do create a right to be considered for parole, which is protected by statutory safeguards. Va. Code 53.1-165.1. In fact, the manner in which a prisoner is considered for parole confers a liberty interest on the prisoner. Burnette, No. 11-1324, 2012 WL 2695854, at *7-8; Franklin v. Shields, 569 F.2d 784, 790 (4th Cir. 1978). Therefore, because the right to fair parole consideration involves the prisoner's liberty, parole proceedings are subject to the protections of the Due Process Clause. Burnette, No. 11-1324, 2012 WL 2695854, at *7-8.

Nonetheless, "[b]ecause parole release proceedings are not part of a criminal prosecution, a prisoner is not entitled to the full panoply of rights accorded a defendant at trial. Instead, the prisoner's rights must be determined by balancing the importance to him of specific safeguards against the burden on the government." Franklin, 569 F.2d at 791 (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). In balancing the interests of the prisoner and the government, "minimum requirements of procedural due process appropriate for the circumstances must be observed." Id. at 790. "At most, . . . parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'" Burnette, No. 11-1324, 2012 WL 2695854, at *7-8 (quoting Vann, 73 F.3d at 522); see also Franklin, 569 F.2d at 801.

In this case, the VPB complied with due process requirements. Goodman received a parole review every year from 2003 through 2008. (ECF No. 1-1 at 7-8). Following each review, he received formal notice of the VPB's decision, along with a list of the considerations which formed the basis for the decision. Id. at 8. Goodman's petition does not allege that the Board failed to provide reasons for parole denial. Rather, his only claim directly related to the denial of parole alleges inaccurate information supplied in the McCollum affidavit which was executed in support of the motion to dismiss the state habeas petition. From this fact, Goodman appears to

6

assume that the VPB also relied on inaccurate information when it reviewed him for parole. However, there is no evidence offered by Goodman to indicate that the VPB did, in fact, use erroneous information when it reviewed and then denied parole to Petitioner. Instead, the record reflects that the VPB considered and relied upon several valid factors in reaching its decision to deny parole. (ECF No. 1-1 at 8-9). The Portsmouth Circuit Court so held. Applying the foregoing legal standard, the Circuit Court found that "there is no violation of Goodman's due process rights." (ECF No. 15 at 3-5).

To the extent Goodman relies on the McCollum affidavit itself as evidence of a denial of due process his argument likewise fails to state a claim. As set forth above, the affidavit was submitted in the habeas proceeding and not when Goodman was considered for parole. That the Portsmouth Circuit Court order recited the erroneous information contained in the McCollum Affidavit is of no moment, as the Court's denial of habeas relief was not predicated in any way on the erroneous affidavit and thus was not based on an unreasonable determination of the facts. Goodman's limited due process rights—namely, consideration for parole and receipt of the statement of reasons for denial of parole—were observed.

It is this Court's responsibility only to determine whether the Circuit Court of Portsmouth's holding satisfies 28 U.S.C. § 2254(d)(1)-(2). When the state court's application of federal law is challenged, it must be shown that the application was "objectively unreasonable," Yarborough v. Gentry, 540 U.S. 1, 5 (2003), or that the conclusion arrived at was opposite to Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 413 (2000). Petitioner has not shown the application of law by the Circuit Court to have been objectively unreasonable or contrary to controlling Supreme Court precedent. Likewise, Petitioner has not demonstrated that

the decision was based upon an unreasonable determination of facts in light of the evidence presented to the Circuit Court. Therefore, Goodman's due process claim fails.

Goodman next alleges that he has been subjected to cruel and unusual punishment. (ECF No. 1 at 16). However, Petitioner's conclusory assertion states only that the VPB "practices and procedures in denying him parole" violate Eight Amendment protection. The Portsmouth Circuit Court evaluated this allegation and determined the claim was without merit. (ECF No. 15 at 5).

The Eight Amendment proscribes "imposition of a sentence that is grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003). Yet, it does not follow from the VPB's determination that Goodman is not suitable for parole, that Petitioner's underlying sentence is cruel and unusual punishment. Notably, Goodman has not directly taken issue with the length and duration of his underlying sentence. Instead, Petitioner tangentially attacked his confinement through a challenge to the parole board's practices and policies, which the Circuit Court found not to be deficient. The undersigned finds the Portsmouth Circuit Court's holding that "the refusal to grant early release from a sentence cannot transform [Petitioner's] confinement into cruel and unusual punishment," (ECF No. 15 at 5), was not contrary to, nor did it involve an unreasonable application of Federal law, and it was based on a reasonable determination of facts. Therefore, Goodman's allegation of cruel and unusual punishment is without merit.

### III. RECOMMENDATION

Because the Portsmouth Circuit Court order did not result in a decision contrary to, or involve an unreasonable application of Federal law, and because it was based on a reasonable determination of facts, Goodman has not stated a plausible claim which would entitle him to

habeas relief. The undersigned recommends that Respondent's Motion be GRANTED, and the petition be DISMISSED. In addition, as Goodman's federal habeas claims are without merit, his motion seeking discovery (ECF No. 14) should be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 24, 2012


## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Order was mailed this date to the following:

Rodney Goodman, #218481
Lunenburg Correction Center
P.O. Box 1424
Victoria, VA 23974

Richard Carson Vorhis
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

July 24 , 2012